Estate of Marion S. Gane, Deceased, Fidelity-Philadelphia Trust Company and Charles E. Swan, Executors v. Commissioner.
Estate of Marion S. Gane, Deceased v. Commissioner
Docket No. 1530.
United States Tax Court
1945 Tax Ct. Memo LEXIS 360; 4 T.C.M. (CCH) 13; T.C.M. (RIA) 45007; January 3, 1945
Randolph W. Childs, Esq., and John Stokes Adams, Esq., 1528 Walnut St., Philadelphia, Pa., for the petitioners. Myron S. Winer, Esq., for the respondent. LEECH
Memorandum Opinion LEECH, Judge: The petitioner seeks a redetermination of a deficiency of $49,867.81 in Federal estate tax. The sole issue is whether the excess above $50,000 in the corpus of a trust created November 1, 1921 is includable in the decedent's gross estate. The facts have been stipulated. The facts are found as stipulated. [The Facts] Marion S. Gane, formerly Marion H. Swan (hereinafter referred to as "the decedent") died November 28, 1940, a resident of Philadelphia, Pennsylvania. A federal estate tax return was filed with the collector of internal revenue at Philadelphia, Pennsylvania. The decedent was born *361 April 18, 1864. She married Charles H. Swan, who died October 7, 1919. Two children were born of that union, Marion Swan Wilson and Charles E. Swan, both of whom survived the decedent. In 1921, at the age of 57 years, the decedent became engaged to marry Frederick Gane, then 40 years of age. By indentures dated November 1, 1921, the decedent granted, conveyed and transferred substantially all of her property to her attorney, James Collins Jones, now deceased, consisting of real property and securities, for the purposes of being transferred to trustees under a trust indenture. James Collins Jones, by a trust indenture of even date, granted, conveyed and transferred substantially all of the same property to the decedent, Charles E. Swan and Marion Swan Wilson, as trustees. This last trust provided, inter alia, as follows: "6. To pay the net income accruing from the trust estate to the said Marion H. Swan during her life. "7. Upon the death of the said Marion H. Swan, leaving to survive her Frederick Gane, to whom she shall have been married, then subject to the power hereinafter conferred upon the said Marion H. Swan to revoke, annual and make void this provision, to pay to the *362 said Frederick Gane the sum of Fifty thousand dollars ($50,000), or in lieu thereof at his option to set apart out of the principal of the trust estate securities of the value of One hundred thousand dollars ($100,000) as appraised by an appraiser * * *, and to pay the net income accruing therefrom to the said Frederick Gane during his life; and upon his death to grant and convey one-half of the principal of the said part of the trust estate to Charles Edward Swan, his executors, administrators and assigns, and the other one-half to Marion Swan Wilson, her executors, administrators and assigns. The power is hereby conferred upon the said Marion H. Swan at any time to revoke, annul and make void the gift contained in this paragraph #7 by an instrument in writing duly executed by her and delivered to her Co-Trustees. "8. Upon the death of the said Marion H. Swan to grant and convey one-half of the remainder of the principal of the trust estate to the said Charles Edward Swan, his heirs, executors, administrators and assigns, and the other half to Marion Swan Wilson, her heirs, executors, administrators and assigns." The decedent married Frederick Gane on November 5, 1921, and continuously *363 lived with him until her death. Frederick Gane elected to receive the sum of $50,000 pursuant to the terms of said trust. The petitioners concede that the said sum of $50,000 is includible in decedent's gross estate for estate tax purposes. The decedent's motive in making the transfers in trust was to prevent her intended spouse, Frederick Gane, from attaining any interest in her estate as a statutory heir or any interest in her estate by curtesy, and to protect the interest of her two children and their descendants in her estate in the event of her death prior to the death of said Frederick Gane. The question presented is whether the fact that the transfer was made for the stipulated purpose is sufficient to support the ultimate finding or conclusion that the transfer was made "in contemplation of death" within the meaning of section 402 of the Revenue Act of 1921.[1] We think this question must be answered in the affirmative. In the recent case of B. H. Kroger, memorandum opinion entered August 17, 1943, this Court determined that inter vivos trusts created by a decedent for the dominant purpose of barring the lady whom he was about to marry from any statutory rights as his wife *364 in the property transferred should she survive him were made "in contemplation of death". That decision has been affirmed by the , (December 4, 1944). In the instant case it has been stipulated that the dominant motive for creating the inter vivos trust was to bar the man the decedent intended to marry from any statutory rights as husband in the decedent's property in case he survived her. It falls foursquare within the rationale of the Kroger case, supra. On that authority we sustain the respondent's determination that the trust property was includable in the decedent's gross estate as a transfer made in contemplation of death. *365 Decision will be entered for the respondent. Footnotes
1. Sec. 402. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated - * * * * *
(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death * * *, except in case of a bona fide sale for a fair consideration in money or money's worth. * * *↩